IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE INS. CO., ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| v. ) | CASE NO. 2:09-cv-907-TFM |
| ) | [wo] |
| BETTY J. BELL and ELLA B. BELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 24-26, filed March 3, 2010) and 28 U.S.C. § 636(c). Pending before the Court are *American United Life Insurance Company's Motion for Discharge from Further Liability* (Doc. 13, filed January 26, 2010). For good cause, it is **ORDERED** that the motion to discharge is granted in part and denied in part.

I.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and Fed. R. Civ. P. 22 (interpleader). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## II.  BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2009, Plaintiff American United Life Insurance Company ("AUL") filed a Complaint for Interpleader against Defendants Betty J. Bell ("Betty Bell") and Ella B. Bell ("Ella Bell").  *See* Doc. 1.  Betty Bell is the widow of decedent Thomas Bell ("decedent").  *Id*. at ¶ 2.  Ella Bell is the former spouse of decedent.  *Id*. at ¶ 3.  The interpleader is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.  The interpleader complaint concerns the disposition of $50,000 in proceed of AUL's life insurance policy issued to insure the life and accidental death/dismemberment of the decedent, who died on or about June 13, 2009.  *Id*. at ¶¶ 7-8.  AUL initiated this interpleader action because it faces conflicting claims from Betty Bell and Ella Bell for the life insurance proceeds, such that AUL may be exposed to multiple liabilities.  *Id*.

On October 15, 2009, with leave of the Court, AUL deposited interpleader funds in the amount of $50,000.00 with the Clerk of Court, representing the proceeds of the policy.  *See* Docs. 4 and 10.  At no time has either claimant challenged the sufficiency or completeness of those interpleaded funds to fulfill the obligations under the policy at issue.  Those funds are being held in the registry of this District Court pending adjudication of the conflicting claims of Betty Bell and Ella Bell.  *See* Doc. 10.

Defendant Ella Bell filed her response in opposition to the motion to discharge claiming that discovery needed to be conducted.  *See* Doc. 22.  Betty Bell filed her motion to join the response in opposition in the event her motion for judgment on the pleadings were

to be denied. *See* Doc. 28. The Court granted the motion to join. Betty Bell also states her reasoning that discovery will be needed from AUL. *Id*. AUL filed its reply on March 15, 2010. *See* Doc. 31. AUL notes that neither defendant has asserted any counter-claims against AUL. AUL also asserts that both defendants premise their arguments on their desire to conduct discovery related to the change of beneficiary form. The motion to discharge has been fully briefed and is ripe for review.

### III.  LEGAL STANDARDS

It is well-settled that district courts have broad and significant powers in an interpleader action. *Orseck, P.A. v. Servicios Legales de Mesoamerica S. De R.L.*, — F.Supp.2d —, —, 2010 WL 1049287, *3 (S.D. Fla. 2010) (citing *Wachovia Bank, N.A. v. Tien*, 534 F.Supp2d 1267, 1285 (S.D. Fla. 2007). Interpleader is designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533-34, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967).

An interpleader action generally involves two stages. *Orseck*, — F.Supp.2d at —, 2010 WL 1049287 at *3; *see also Progressive Am. Ins. Co. v. Thorn*, 2007 WL 1381576, *2 (M.D. Ala. 2007) (stating same). In the first stage, the court decides whether the requirements for a rule or statutory interpleader have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Id*. In addressing the first phase of an interpleader action, the court may also determine if the stakeholder is

disinterested - i.e. makes no claim to the funds at issue - and if so, discharge it from liability and dismiss it from the action. *Orseck*, — F.Supp.2d at —, 2010 WL 1049287 at *3.

## IV.   DISCUSSION AND ANALYSIS

### A.   Discharge

AUL now seeks discharge from further liability under the policy and dismissal as a party to this action. Having surrendered the disputed funds and bringing the two claimants into federal court to litigate their respective interests in the funds, there is no longer any material controversy concerning AUL's obligations to these claims. AUL acknowledges the policy proceeds are due to be paid and properly leaves it to the court for the determination as to whom the policy proceeds should be paid. AUL has satisfied its obligations under the policy and should be discharged and dismissed as a party.

Both Betty Bell and Ella Bell premise their opposition to discharge on the need to conduct discovery. However, as aptly noted by AUL, discharge does not preclude discovery as AUL is still obligated to respond to any proper nonparty discovery request as prescribed under the Federal Rules of Civil Procedure. *See* Doc. 31 at p. 5-6. AUL has clearly demonstrated that it satisfies the requirements of being disinterested in that it makes no claims to the proceeds and there are no independent claims asserted against AUL. Therefore, the Court grants AUL's request for relief as to the discharge.

However, AUL's request for an injunction is problematic. "[E]ntry of an injunction in the rule pleader context is at best problematic." *American General Life Ins. Co. v. Jones*,

2008 WL 4949847, *2 (S.D. Ala. 2008). As AUL only makes a cursory request and provides no support for such an injunction, the Court, at this time, exercises its discretion to deny the request for a permanent injunction barring defendants from instituting or pursuing any court action with regard to the proceeds and how the claim was handled.

**B.     Attorneys' Fees and Costs**

AUL also requests an award of attorney's fees and costs, though it does not provide a specific amount. Disinterested stakeholders may also be awarded attorneys' fees and costs for their participation in the action. *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982); *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 236 (5th Cir. 1950). However, that right is not absolute. As the Eleventh Circuit has explained, the "principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994); *see also Life Investors Ins. Co. of Am. v. Childs*, 209 F.Supp.2d 1255, 1256-57 (M.D. Ala. 2002) (quoting *Mandalay*).

The Court finds it appropriate to award some attorney's fees, but not for the entirety of this action. Counsel may file a supplement to his request for attorney's fees which discusses the costs incurred <u>since</u> filing the motion for discharge. Any request should include the appropriate affidavits and breakdown of costs.

### V. CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court grants *American United Life Insurance Company's Motion for Discharge from Further Liability* (Doc. 13), but denies the request for an injunction. The Court also grants the request for attorney's fees, but only to the extent they were incurred since the filing of the motion for discharge.

DONE this 18th day of May, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE