IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMERICAN UNITED LIFE INS. CO., | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cv-907-TFM |
| | ) | [wo] |
| BETTY J. BELL and ELLA B. BELL, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 24-26, filed March 3, 2010) and 28 U.S.C. § 636(c).  Pending before the Court is the *Motion for Judgment on the Pleadings by Interpleader Defendant Betty J. Bell* (Doc. 16, filed February 1, 2010),  For good cause, it is **ORDERED** that the motion is **DENIED**.

## I. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and Fed. R. Civ. P. 22 (interpleader).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## II. BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2009, Plaintiff American United Life Insurance Company ("AUL")

filed a Complaint for Interpleader against Defendants Betty J. Bell ("Betty Bell") and Ella B. Bell ("Ella Bell").  *See* Doc. 1.  Betty Bell is the widow of decedent Thomas Bell ("decedent").  *Id*. at ¶ 2.  Ella Bell is the former spouse of decedent.  *Id*. at ¶ 3.  The interpleader is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.  The interpleader complaint concerns the disposition of $50,000 in proceed of AUL's life insurance policy issued to insure the life and accidental death/dismemberment of the decedent, who died on or about June 13, 2009.  *Id*. at ¶¶ 7-8.  AUL initiated this interpleader action because it faces conflicting claims from Betty Bell and Ella Bell for the life insurance proceeds, such that AUL may be exposed to multiple liabilities.  *Id*.

On September 30, 2009, Defendant Ella Bell, acting *pro se* at the time, signed a waiver of service of summons which provided she should file an answer within sixty (60) days of the waiver.  As such, her response was due on November 30, 2009.  *See* Doc. 6.  Ella Bell did not file her answer until January 13, 2010.  *See* Doc. 11.  On February 1, 2010, Defendant Betty Bell filed her motion for judgment on the pleadings asserting that because Ella Bell's answer was untimely, it should be stricken and judgment should be granted in favor of Betty Bell.  *See* Doc. 16.  The Court entered a briefing schedule on the motion which had a response deadline of February 22, 2010.  *See* Doc. 17.  On February 24, 2010, counsel appeared on behalf of Ella Bell and filed a motion for extension of time file response.  *See* Doc. 20. The Court granted the request and a new response deadline was set for March 8, 2010.  *See* Doc. 21.  On March 3, 2010, Ella Bell filed her response wherein she

acknowledges the missed deadlines and asserts that while acting *pro se*, she did not understand the applicable rules. *See* Doc. 23. Defendant Betty Bell filed her reply on March 5, 2010. *See* Doc. 27. The motion has been fully briefed and is ripe for this Court's review.

### III.   LEGAL STANDARDS

It is well-settled that district courts have broad and significant powers in an interpleader action. *Orseck, P.A. v. Servicios Legales de Mesoamerica S. De R.L.*, — F.Supp.2d — , — , 2010 WL 1049287, \*3 (S.D. Fla. 2010) (citing *Wachovia Bank, N.A. v. Tien*, 534 F.Supp2d 1267, 1285 (S.D. Fla. 2007).

### A.   Federal Rule Civil Procedure 12(c) - Judgment on the Pleadings

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996); *accord Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)) ("Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). When reviewing a judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Ortega*, 85 F.3d at 1524-25. A judgment on the pleadings is limited to consideration of "the substance of the

pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). In other words, a Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (applying 12(b)6 standard of review to a 12(c) motion).[1]

### B.  Federal Rule of Civil Procedure 55 - Default Judgment

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." FED. R. CIV. P. 55(a). After the entry of default under Rule 55(a), the Court may enter default judgment under FED. R. CIV. P. 55(b). The decision to enter a default judgment "is discretionary.... Entry of judgment by default is a drastic remedy which should be used only in extreme situations.... [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Thus,

---

[1]      A Rule 12(b)(6) motion and a Rule 12(c) motion functionally serve the same purpose. However, a Rule 12(b)(6) motion must be made before the responsive pleadings are filed, while Rule 12(c) motions may be made afterwards.

any doubt as to whether a default should be granted "should be resolved in favor of a judicial decision on the merits of a case[.]"  *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).[2]

## IV.  DISCUSSION AND ANALYSIS

Betty Bell asserts that because Ella Bell's answer was not timely filed, it should be stricken and judgment on the pleadings should be granted in favor of Betty Bell.  While it is certainly within this court's authority to strike the untimely answer, the Court declines to do. Even if the Court were to strike Ella Bell's answer, judgment as a matter of law is due to be denied because the Interpleader Complaint filed by Plaintiff AUL shows that there is a dispute as to the insurance proceeds.  *See* Doc. 1 generally.  Ella Bell's answer does not resolve the litigation on its face.  Therefore, judgment on the pleadings would be due denial since there is conflict between the Interpleader complaint and Betty Bell's Answer.  As aptly noted by Defendant Ella Bell, while Defendant Betty Bell styles her motion as a Rule 12(c) Judgment on the Pleadings, what she seeks is akin to a request for default judgment under FED. R. CIV. P. 55.

Default judgment is only appropriate in exceptional circumstances.  While Ella Bell certainly did not file her responsive pleading in a timely manner, she was *pro se*.  While her *pro se* status does not provide absolute justification for missing court deadlines, the Court finds that resolution by default judgment is not appropriate.  Specifically, the Court is

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

persuaded that "exceptional circumstances that would justify entry of a default judgment are not present." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (quoting *Wahl*, 773 F.2d at 1174).

## V.  CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court denies the *Motion for Judgment on the Pleadings by Interpleader Defendant Betty J. Bell* (Doc. 16).

DONE this 18th day of May, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE